IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHAKENDRA EDWARDS, ) | |
|    PLAINTIFF, ) | CASE NO.: |
| V. ) | |
| ARTICULARIS HEALTHCARE ) | PLAINTIFF DEMANDS TRIAL |
| GROUP, INC., ) | BY STRUCK JURY |
|    DEFENDANT(S). ) | |

COMPLAINT

COMES NOW, the Plaintiff, Shakendra Edwards, (hereinafter "Ms. Edwards"), by and through the undersigned counsel, files this, her Complaint and shows upon the Court as follows.

## JURISDICTION

1. This action for injunctive relief and damages is brought under 28 U.S.C. §§ 1331, 1343(4), 2201, 2202. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights caused by the Defendant.

2. This suit is authorized and instituted under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, et seq. (Title VII).

3. This suit is authorized and instituted under 42 U.S.C. § 1981. This is a suit authorized and instituted under "Section 1981."

1

4.	Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). Plaintiff further sued within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

**PARTIES**

5.	Plaintiff, Shakendra Edwards, ("Plaintiff" or "Edwards") is a resident of Auburn, Lee County, and performed work for the Defendant in the counties composing the Eastern Division during the events of this case. Thus, under 28 U.S.C. § 1391(b), venue for this action lies in the Eastern Division.

6.	Defendant Articularis Healthcare Group, Inc. ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama.

7.	Defendant employed at least fifty (50) people for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Defendant employed these fifty (50) employees within 75 miles of Plaintiff's worksite.

8.	Defendant's gross annual revenue exceeds $500,000.

**FACTS**

9. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

10. Ms. Edwards is of African ancestry, a "race" colloquially referred to as "Black."

11. Ms. Edwards began working for Defendant as a Medical Assistant on or about November 22, 2022.

12. In April 2023, Ms. Edwards was promoted to X-Ray Technician.

13. On or about June 6, 2024, Ms. Edwards was promoted to Clinical Medical Lead.

14. As Clinical Medical Lead, she oversaw all medical assistants at the Auburn, Alabama location and coordinated with providers regarding prescriptions, authorizations, X-rays, product orders, patient assessments, and meetings.

15. Three (3) providers worked at the Auburn location.

16. Three months into her role as Clinical Medical Lead, only one—Dr. Zarmeena Ali, a Pakistani physician—began criticizing Ms. Edwards' performance.

17. No complaints came from the other two (2) doctors.

18. In September 2024, Ms. Edwards told Office Manager Hannah Dadini, a white woman, that she felt Dr. Ali had a problem with Black women, particularly her.

19. Hannah denied this and made no further inquiry.

20. Days later, Dr. Ali instructed Hannah that Ms. Edwards was not to speak directly to her and must communicate only through Hannah.

21. Dr. Ali had a known history of avoiding direct communication with Black women in the office.

22. Because Hannah only worked in-office two days a week, this made Ms. Edwards' job more difficult.

23. Hannah later told Ms. Edwards to route all communications regarding Dr. Ali through Lynn Tucker, a White nurse practitioner.

24. In October 2024, Ms. Edwards complained to Human Resources Nicole Brown, about being prevented from doing her job because of Dr. Ali, about Hannah "playing sides," and about favoritism toward White employees.

25. Defendant did not conduct an investigation.

26. On or about November 20, 2024, Ms. Edwards stepped out of the office briefly.

27. While she was out, Dr. Ali needed an X-ray done.

28. Ms. Edwards learned about the X-Ray when Hannah called her as she was returning, relaying that Dr. Ali needed an X-Ray and that Dr. Ali was now frustrated.

4

29. That same day, Ms. Edwards messaged Dr. Ali, apologizing and saying, "It seems like I cannot appease you and that it is always a problem. What can I do to make the clinic run better."

30. Dr. Ali did not respond to Ms. Edwards. Instead, she contacted Hannah.

31. On or about November 25, 2024, Hannah and Human Resources Kelly Koraski terminated Plaintiff's employment, citing disrespect to Dr. Ali.

32. Kelly told Plaintiff she could not contact providers directly.

33. At the time of her termination, Plaintiff had no write-ups or disciplinary history.

## COUNT I - TITLE VII - RACE DISCRIMINATION

34. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

35. Plaintiff is a person of African ancestry, a "race" colloquially referred to as "Black.".

36. Plaintiff was qualified for the position of Clinical Medical Lead.

37. Defendant's employee, Hannah Dadini, terminated Plaintiff's employment on or about November 25,2024.

38. Defendant's actions in terminating Plaintiff's employment violated Title VII.

39. Because of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay and benefits.

40. Defendant's Race was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

41. Because of Defendant's discriminatory decision made in whole or in part because of her race, Plaintiff has lost pay and continues to be paid less.

42. Defendant's actions in not promoting/hiring Plaintiff violated Title VII.

## COUNT II - 42 U. S. C. § 1981 DISCHARGE

43. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

44. Plaintiff is a person of African ancestry, a "race" colloquially referred to as "Black.".

45. Plaintiff was qualified for the position of Clinical Medical Lead.

46. On or about November 25, 2024, Defendant terminated Plaintiff's employment.

47. Because of Defendant's discriminatory decision made in whole or in part because of her race, Plaintiff has lost pay and continues to be paid less.

48. Because of Defendant's violation of 42 U. S. C § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

49. Defendant's decision to terminate Plaintiff's employment was made, in whole or part, because of its race in violation of 42 U. S. C. § 1981.

50. Because of Defendant's violation of 42 U. S. C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## COUNT III - TITLE VII RETALIATION

51. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

52. Plaintiff was qualified for the position of Clinical Medical Lead and able to perform the essential functions of the job.

53. On or about September 2024, Plaintiff engaged in protected activity, when she reported discrimination based on race.

54. On or about November 25, 2024, Defendant terminated Plaintiff's employment.

55. But for Plaintiff's protected activity, Defendant would have retained Plaintiff in the position as a X-ray technician and clinic lead.

56. Defendant violated Title VII by terminating Plaintiff for engaging in protected activity.

57. Because of Defendant's violation of Title VII, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

## COUNT IV - 42 U. S. C. § 1981 RETALIATION

58. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

59. Plaintiff was qualified for the position of Clinical Medical Lead and able to perform the essential functions of the job.

60. On or about September 2024, Plaintiff engaged in protected activity, when she reported discrimination based on race.

61. On or about November 25, 2024, Defendant terminated Plaintiff's employment.

62. But for Plaintiff's protected activity, Defendant would have retained Plaintiff in the position as a X-ray technician and clinic lead.

63. Defendant violated Title VII by terminating Plaintiff for engaging in protected activity.

64. Defendant violated the 42 U. S. C. § 1981 by terminating Plaintiff in whole or in part for engaging in protected activity.

65. Because of Defendant's violation of the 42 U. S. C. § 1981, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

A.  Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Title VII of the Civil Rights Act of 1964;

B.  Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Section 1981;

C.  Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position she would have had, had she not been terminated;

D.  Award back pay, with employment benefits, front pay, liquidated damages; compensatory damages, special damages; punitive damages nominal damages;

E.  Attorneys' fees and costs;

F.  Plaintiff requests that the Court award Plaintiff equitable relief as provided by law; and,

G.  Any different or additional relief as determined by the Court to which Plaintiff is entitled.

**JURY TRIAL DEMANDED**

*/s/ Porcha Anthony Davis*
Porcha Anthony Davis
ASB 1914P47D

The Workers' Firm LLC
2 20th St. North Suite 900
Birmingham, AL 35203
T: 205.564.9005 F: 205.564.9006
porcha@theworkersfirm.com

*Attorney for Plaintiff*

**PLEASE SERVE DEFENDANT AS FOLLOWS**

Articularis Healthcare Group, Inc.
C/o Registered Agent Corporation Service Company Inc
641 South Lawrence Street
Montgomery, AL 36104